■   JOEL HALWICK, an Infant, by MARY E. DU BOIS, His Mother, et al., Respondents, v. ROSE DI DONNA et al., Appellants, et al., Defendant.— Appeal from a resettled judgment of the Supreme Court, Ulster County, entered upon a jury verdict in favor of the respondents against the appellants.   The verdict of the jury should be reversed and a new trial ordered due, *inter alia*, to the error in the charge of the court with particular reference to section 1163 of the Vehicle and Traffic Law.   Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Herlihy, P. J., Greenblott, Cooke and Sweeney, JJ., concur; Reynolds, J., concurs in the following memorandum:   In addition to the reversal upon the errors in the charge, the judgment should be reversed as against the weight of the evidence.   The instant action results from a vehicular accident which occurred on June 24, 1966 on Route 9W in the Town of Ulster.   In said accident the infant respondent was injured when the car in which he was riding as a passenger collided first with appellants' vehicle and then with a truck owned by the Jennings Construction Company.   The jury rendered a verdict against the appellants and in favor of the Jennings Construction Company and the estate of the deceased driver of the car in which the respondent was a passenger.   Appellants urge that respondents' proof against them was legally insufficient and should have resulted in a dismissal of the complaint.   The instant record is devoid of any direct evidence that Rose Di Donna was negligent in the operation of her vehicle.   Rose Di Donna testified she was at a full stop two feet west of the center line when her vehicle was struck and there was no testimony whatsoever that the Di Donna vehicle ever left its stationary position in the southbound lane.   Rather, all the witnesses who could recall the positions of the cars involved testified that Rose Di Donna remained in her own southbound lane.   Nor, is there sufficient circumstantial evidence to support the jury's verdict.   The alleged circumstantial evidence relied upon lends itself equally to an inference consistent with the direct evidence that Rose Di Donna was nonnegligently waiting in her own lane. when she was struck by the oncoming Merwin vehicle.   Accordingly, the judgment should be reversed and a new trial ordered.

■   JOEL HALWICK, an Infant, by MARY E. DU BOIS, His Mother, et al., Appellants, v. ROSE DI DONNA et al., Defendants, and ELIZABETH MERWIN, as Administratrix of the Estate of GEORGE E. MERWIN, JR., Deceased, Respondent.— Appeal from a resettled judgment of the Supreme Court, Ulster County, entered upon a jury verdict dismissing appellants' complaint against the respondent.   In a companion appeal we have reversed so much of the instant judgment as was entered on the jury's verdict against the defendants Di Donna and ordered a new trial.   In light of that decision so much of the judgment as dismissed the complaint against respondent must be reversed and a new trial ordered in the interests of justice (*Cregar* v. *McDonald,* 28 A D 2d 1142). Judgment reversed, on the law and the facts and in the interests of justice, and a new trial ordered, with costs to abide the event. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur.